IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02757-NRN

BRIAN IVAN SOLANO TELLEZ,

      Petitioner,

v.

GEORGE VALDEZ, Acting Director, Denver Field Office, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD BLANCHE, Acting U.S. Attorney General; Executive Office for Immigration Review;
MOHAMED BENNANI, Warden of GEO Group Aurora ICE Processing Center,

      Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court on Brian Ivan Solano Tellez's ("Petitioner") Verified Petition for Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at the Aurora ICE Processing Center in Aurora, Colorado. *Id.* ¶ 1. He contends that the Respondents are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his detention. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS IN PART** the Petition.

**BACKGROUND AND ANALYSIS**

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond

hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g.*, *Rivera v. Valdez*, No. 26-cv-01765-NRN, 2026 WL 1224072 (D. Colo. May 5, 2026); *Martinez v. Baltazar,* No. 26-cv-01313-NRN, 2026 WL 925537 (D. Colo. Apr. 6, 2026); *Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026), *Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025).

Petitioner is a Mexican citizen who has resided in the United States since approximately 2007, when he was 6 years old, and he has lived the majority of his life in Laramie, Wyoming. ECF No. 1 ¶ 39. Petitioner is married to a U.S. citizen and raises her four living U.S. citizen stepchildren as his own. *Id.* ¶ 42. His wife suffers from serious mental health issues. *Id.* On June 2, 2026, ICE officers conducted a traffic stop and arrested Petitioner without incident. *Id.* ¶ 40. He has been held in custody since. *Id.*

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA") and his due process rights. He asks that he be released or granted a prompt bond hearing before this Court or a neutral judge. *Id.* at 14. He states that immediate

release is warranted because during a "perfunctory" June 16, 2026 bond hearing, the

immigration judge ("IJ")

> admitted that she did not read the briefs. She claimed she would read the briefs, but immediately issued a decision from the bench denying bond. Thereafter, she issued a written decision consistent with her oral decision. There is no information or evidence that suggests another bond hearing will provide the due process that the constitution requires. Holding another hearing would only prolong [Petitioner]'s unjust detention.

ECF No. 10 at 2.

> Respondents have submitted an abbreviated response, which states, in full:

> Respondents, in their official capacities, hereby respond to the Petition for Writ of Habeas Corpus and the Court's Order to Show Cause. Petitioner, who is in removal proceedings and detained by U.S. Immigration and Customs Enforcement, challenges the lawfulness of the detention. For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner. *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026) (remanding and directing that "the district court shall order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

ECF No. 7 at 1–2.

As noted, Respondents cite *Quiroz*, where the Tenth Circuit very recently held that ICE may not detain those who have long lived inside the United States as arriving aliens pursuant to 8 U.S.C. § 1225(b)(2)(A); instead, the detention provisions permitting bond at 8 USC § 1226(a) apply to those detained while residing in the United States. The *Quiroz* decision is in accord with the orders issued by this Court and almost every other judge in this District over the past year. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this

3

District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for years). Accordingly, the Court finds that Petitioner has met his burden showing that his continued detention without an adequate bond hearing is unlawful.

As to the appropriate remedy, the Court agrees with Petitioner that another bond hearing before an IJ is an inadequate remedy because it is unlikely to be a fair one, especially in light of the June 15, 2026 proceeding. As Judge William J. Martinez recently noted, "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Singh v. Valdez*, No. 26-cv-1109-WJM, 2026 WL 890240, at \*5 (D. Colo. Apr. 1, 2026). Thus, many courts across the country have "ceased 'order[ing] even initial bond hearings in cases like this one involving unlawful detention under § 1225(b) because Respondents' conduct can no longer be attributed to mere negligence or ineptitude, . . . and doing so would effectively allow the Government to transform an unlawful detention into a lawful one through *post-hoc* justifications.'" *Id.* (alterations I original) (quoting *Zheng v. Rokosky,* 2026 WL 800203, at \*11 (D.N.J. Mar. 23, 2026). "Given this reality, the Court will order [Petitioner]'s immediate release." *Id.*

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 16. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, he

4

must comply with all applicable rules and provide legal authority for the request. *See*

*L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED in part** as follows.

1) By no later than **July 10, 2026**, Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings. Respondents shall not impose any additional restrictions on him, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

2) Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and

3) Respondents shall file a status report on or before July 13, 2026 confirming that Petitioner has been released from custody.

Dated: July 9, 2026

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge